Sabrina M. Galli
ROBINSON & COLE LLP
666 Third Avenue
Chrysler East Building, 20th Floor
New York, NY 10017
Tel. No. (212) 451-2900
Email: sgalli@rc.com

Seth B. Orkand (*pro hac vice* forthcoming)
Theresa E. Lane (*pro hac vice* forthcoming)
ROBINSON & COLE LLP
One Boston Place, 26th Floor
Boston, MA 02108
Tel. No. (617) 557-5930
Email: sorkand@rc.com
Email: tlane@rc.com

*Attorneys for Plaintiff Dylan DeRubeis*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DYLAN DERUBEIS derivatively on behalf of Dylan DeRubeis LLC d/b/a Natural Rems | )<br>)<br>)<br>) |
| Plaintiff, | )<br>)  Civil Action No._____ |
| v. | )<br>) |
| DYLAN DERUBEIS LLC d/b/a NATURAL REMS | )<br>)  ***Document electronically filed.*** |
| Nominal Defendant, | )<br>)  **VERIFIED DERIVATIVE**<br>)  **COMPLAINT AND JURY DEMAND** |
| EXPAND GLOBAL LLC | )<br>) |
| Defendant. | ) |

Plaintiff Dylan DeRubeis ("Plaintiff" or "DeRubeis") derivatively on behalf of Dylan DeRubeis LLC d/b/a Natural REMs ("Natural REMs" or the "Company") brings this complaint against Defendant Expand Global LLC ("Expand") for breach of contract, account stated, and

violation of Expand's fiduciary duties to the Company. In support of its his claims on behalf of Natural REMs, DeRubeis alleges as follows:

## NATURE OF THE ACTION

1.      This is a member derivative action that seeks to remedy Expand's comingling nearly $2.2 million of Company funds with funds from Expand's other ventures in its own bank account, and Expand's and its CEO, Benjamin Far's ("Far"), refusal to provide Natural REMs and DeRubeis with a full accounting of the Company's financial information despite numerous requests.  Plaintiff, who brings this action on behalf of the Company, seeks injunctive relief, as well as compensatory and consequential damages and legal fees for Expand's breach of contract, account stated, and breach of fiduciary duty.

2.      Plaintiff DeRubeis and Natural REMs have suffered irreparable harm and will continue to do so if Expand is not immediately enjoined from withholding Company revenue and comingling it in its own bank account with funds from other unrelated ventures, and if Expand is not ordered to provide a full accounting of the Company's revenue and expenses.

## PARTIES

3.      Plaintiff Dylan DeRubeis is the founder of Dylan DeRubeis LLC d/b/a Natural REMs and is a resident of Manalapan, New Jersey. DeRubeis has been a member of Natural REMs at all times relevant to this action and will remain a member of Natural REMs throughout this derivative action.  DeRubeis will also fairly and adequately represent the interests of the LLC in enforcing its rights.

4.      Nominal Defendant Dylan DeRubeis LLC d/b/a Natural REMs is a limited liability company duly organized under the laws of the New Jersey with a principal place of business in Manalapan, New Jersey.

5.      Defendant Expand Global LLC is a limited liability company duly organized under the laws of Wyoming with a principal place of business in Sheridan, Wyoming.

## JURISDICTION AND VENUE

6.      This court has specific personal jurisdiction over Defendants because they intentionally conducted business in New Jersey and those actions in New Jersey relate to Plaintiff's claims. Additionally, the court also has jurisdiction over Expand because it consented to jurisdiction in the LLC Membership Interest Transfer Agreement (the "MITA") between Expand and the Company dated September 13, 2024.

7.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

8.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

9.      Venue is proper pursuant 28 U.S.C. § 1391 and 1401 because a substantial portion of the transactions and wrongs complained of herein occurred in this District and the Defendants regularly conduct business in the District of New Jersey, including the business activity that has given rise to this lawsuit.

## FACTUAL BACKGROUND

10.      DeRubeis formed Dylan DeRubeis LLC on or about July 1, 2022, by filing its certificate of formation in New Jersey.

11.      Approximately two years later, in 2024, Dylan DeRubeis LLC created Natural REMs, a holistic dietary supplement brand. At its inception, Natural REMs offered only authentic Shilajit resin, a traditional Ayurvedic medicine.  The Company later offered Shilajit gummies and other dietary supplements. As the Company's revenue increased exponentially,

DeRubeis began looking to outsource the Company's marketing and branding development. During this time, DeRubeis had a 100% membership interest in the Company.

12.    On or about September 13, 2024, marketing agency Expand and Natural REMs entered into a contract—the LLC Membership Interest Transfer Agreement (the "MITA")—by which DeRubeis transferred a fifty percent ownership interest in the Company to Expand. In exchange, Expand agreed to provide the Company with complete marketing strategy operations. A true and correct copy of the MITA is attached hereto as <u>Exhibit A</u>.

13.    On or about September 13, 2024, Expand and DeRubeis also signed an Amendment to the LLC Operating Agreement of the Company (the "Amendment"). A true and correct copy of the Amendment is attached hereto as <u>Exhibit B</u>.

14.    Pursuant to the "Accounting, Records and Reporting" section of the Amendment, "Each Member has the right on reasonable request, for purposes reasonably related to the interest of the person as a Member or a Manager, to: . . . inspect and copy during normal business hours any of the Company's records . . . ."  <u>Exhibit B</u> at 3.

15.    The final clause of the Amendment provides, "The Company shall maintain its funds in one or more separate bank accounts in the name of the Company, and shall not permit the funds of the Company to be comingled in any fashion with the funds of any other Person. Both Members needs to assign the accessibility to the bank accounts. Any Member who takes money out of the bank accounts without other member's approval will be held liable for the amounts." *Id.*

16.    Prior to Expand becoming a member, the Company's revenue from online sales and advertisements were deposited into an account in its name at Santander Bank. Yet once the MITA and Amendment were executed, Far pressured DeRubeis to switch the Company's

account to another bank due to what he claimed was Santander's reputation as a "dangerous bank."

17.     Acquiescing to Far's demand, the Company closed its account at Santander. On or about October 3, 2024, the Company opened a new account at Chase Bank ("Chase"). However, Chase unexpectedly closed the account on or about November 21, 2024. A similar pattern persisted for multiple months — the Company would open a bank account, only to have it closed by the bank shortly thereafter.

18.     On or about February 2025, the Company's funds were frozen and thus inaccessible. On information and belief, the repeated opening and closing of accounts at multiple banking institutions drew suspicion from various financial institutions.

19.     On or about February 6, 2025, Far caused DeRubeis to route the Company's revenue from Shopify, an e-commerce platform, to Expand's existing bank account, as opposed to any account held by the Company. Expand comingled the Company's funds in this account and did not provide DeRubeis with access to the account.

20.     On or about February 24, 2025, the Company's previously frozen funds were released. The Company deposited these funds in a new account at Santander. Around this time, revenue from other e-commerce platforms, such as Amazon and TikTok, was deposited into this account and certain Company expenses were automatically withdrawn.

21.     In or about March 2025, Far made numerous demands for Company funds to cover "expenses" even though the Company's significant revenue from Shopify continued to be automatically deposited into Expand's account.

22.     On or about March 4, 2025, the Company transferred $150,000 to Expand's account at Far's direction. At this time, DeRubeis suggested the Company use its Santander account for all revenue, including Shopify. Far did not agree.

23.     In or about May 2025, DeRubeis repeatedly demanded information from Far and Expand concerning the Natural REMs funds that was in Expand's exclusive custody and control. Despite Far assuring DeRubeis that "any money that's inside of Expand Global that belongs to Natural REMs will go there," Far failed to inform DeRubeis of the balance of the Company's funds held in Expand Global's account or how Far and Expand were spending the Company's funds from that account.

24.     On June 26, 2025, counsel for DeRubeis repeated his demand for a full accounting of Natural REMS' revenue and expenses to Expand's counsel.  DeRubeis suggested both parties provide each other a full accounting of the Company's funds held by Natural REMs and Expand, including all Company revenue transferred to, and all withdrawals from, any bank account, and all Company expenses charged to any credit card. Expand and Far declined this offer.

25.     On or about July 29, 2025, the undersigned counsel provided Expand's counsel bank and credit card statements, showing all revenue deposited into the Company's account at Santander and all Company expenses paid by DeRubeis from February through June 2025. Counsel noted that if Expand failed to reciprocate by providing financial information, they would assume that further requests would be futile. Expand's counsel did not agree to provide reciprocal information.

26.     Between February 6, 2025 and May 19, 2025, Far and Expand caused nearly $2.2 million in Company revenue from the Shopify e-commerce platform to be deposited into

Expand's bank account. To this date, Expand continues to wrongfully withhold Company funds in its bank account and has refused to provide a full accounting of Natural REMs' revenue and expenses that is in its exclusive control.

27.    Pursuant to N.J.S.A. 42:2C-68, Plaintiff DeRubeis may assert certain causes of action as derivative claims because a pre-suit demand on the members would be futile.

a.    DeRubeis has repeatedly demanded an accounting since at least May 2025, which Far and Expand have refused to provide.

b.    Further demands would be futile because Plaintiff DeRubeis is a member of the Company with a minority equity interest. As a minority owner of the LLC, DeRubeis cannot effectuate action, including filing a lawsuit on behalf of the Company without the approval of the other members, Far and Quinn Chen ("Chen").[1] Far would oppose Natural REMs bringing a lawsuit against himself and has a sufficient percentage of the Company's interest to block such an action.

c.    It would likewise be futile for Plaintiff DeRubeis to seek consent to bring a lawsuit on behalf of Natural REMs from Mr. Chen, as he is the CEO of NuEra LLC which on information and belief is an affiliated entity of Expand Global LLC. On information and belief, Chen also serves as Expand's accountant. For that reason, Chen would oppose Natural REMs bringing a lawsuit against Expand.

### COUNT I
### BREACH OF CONTRACT
(Derivative Claim on Behalf of Natural REMs)

28.    Plaintiff Dylan DeRubeis realleges paragraphs 1 through 28.

29.    The Amendment is a valid and enforceable contract.

---

[1] It is disputed whether the Equity Purchase Agreement effectuated between Natural REMs and NuEra LLC is valid, and thus whether Chen has membership interest in Natural REMs.

30.     The Amendment states, "Each Member has the right, on reasonable request for purposes reasonably related to the interest of the person as a Member or a Manager, to: . . . inspect and copy during normal business hours any of the Company's records."

31.     DeRubeis has fully performed all his duties and obligations under the Amendment.

32.     Expand breached the Amendment by: (i) comingling Natural REMs funds with Expand Global funds; (ii) failing to provide Plaintiff DeRubeis access to Expand's account or the Company's funds; and (iii) refusing to provide Plaintiff DeRubeis with an opportunity to inspect and copy records of Natural REMs' funds held by Expand and records of expenses purportedly paid by Expand on the Company's behalf.

33.     Natural REMs has suffered and will continue to suffer significant damages as a result of Expand's breach.

34.     Pursuant to N.J.S.A. 42:2C-68, Plaintiff may assert this cause of action as a derivative claim for the reasons set forth at Paragraph 28 above, which is incorporated by reference.

## COUNT II
## ACCOUNT STATED
### (Derivative Claim on Behalf of Natural REMs)

35.     Plaintiff Dylan DeRubeis realleges paragraphs 1 through 35.

36.     Expand has exercised exclusive possession and control over nearly $2.2 million in Company proceeds by co-mingling these funds with funds from other ventures in a bank account under Expand's exclusive custody and control.

37.     Expand, through Far, has acknowledged that any revenue owed to Natural REMs that is in Expand's bank account should be returned to Natural REMs.

38.    To date, Expand Global LLC has failed to return any funds to Natural REMs.

39.    Natural REMs has suffered and will continue to suffer significant damages because of Expand actions.

40.    Pursuant to N.J.S.A. 42:2C-68, Plaintiff may assert this cause of action as a derivative claim for the reasons set forth at Paragraph 27 above, which is incorporated by reference.

**COUNT III**
**BREACH OF FIDUCIARY DUTY**
(Derivative Claim on Behalf of Natural REMs)

41.    Plaintiff Dylan DeRubeis realleges paragraphs 1 through 41.

42.    Pursuant to N.J.S.A. § 42:2C-40(a)(1), each member of a New Jersey LLC has the right, upon reasonable request, to inspect and copy the company's records for purposes reasonably related to their interest as a member or manager.

43.    Pursuant to N.J.S.A. § 42:2C-40(a)(2)(a), the Company must furnish to each member, "without demand, any information concerning the company's activities, financial condition, and other circumstances which the company knows and is material to the proper exercise of the member's rights and duties under the operating agreement or [the New Jersey Revised Uniform Limited Liability Company Act], except to the extent the company can establish that it reasonably believes the member already knows the information."

44.    As a member of Dylan DeRubeis, Expand owes fiduciary duties of loyalty and care to the Company, including the obligation to account to the company for any property, profit, or benefit derived from the conduct of the company's activities.

45.    Information that is necessary for the Company to fulfill its obligation under N.J.S.A. 42:2C-40(a) to provide an accurate accounting to DeRubeis is in the exclusive possession, custody, and control of Expand; namely, records of deposits of Company funds into

Expand's bank account, records of how Far and Expand spent Company funds, and records of the Company's funds remaining in Expand's bank account.

46.     Despite DeRubeis providing Expand and Far with the Company's financial records in his possession on July 29, 2025, Far has refused to reciprocate.

47.     As a member of the Company, Dylan DeRubeis made numerous requests to Far and Expand to provide a full accounting of Natural REMs' revenue and expenses that is in Expand's exclusive custody and control.

48.     Without Expand's information, the Company cannot furnish DeRubeis with accurate information concerning its activities and financial condition.

49.     Expand's withholding of this information is a breach of its fiduciary duties to the Company.

50.     As a result of Expand's actions, DeRubeis' rights as a member of the Company have been violated and DeRubeis has suffered and continues to suffer significant damages as a result of these violations not solely the result of any injury to Natural REMs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dylan DeRubeis respectfully requests judgment for relief as follows:

1.     Hold and declare that Defendants Expand Global LLC have violated the Amendment to the LLC Operating Agreement of Dylan DeRubeis LLC and that Defendant Expand Global LLC have violated New Jersey law;

2.     Order Defendant Expand Global LLC to return any Natural REMs funds in its bank account to Natural REMs;

3.     Require Defendant Expand Global LLC to provide Natural REMs the information it needs to provide Dylan DeRubeis a full accounting of Natural REMs' books and

records, including information concerning all Company revenue transferred to, and all withdrawals from, any bank account, and all Company expenses charged to any credit card.

4.      Award Plaintiff DeRubeis compensatory and consequential damages;

5.      Award Plaintiff DeRubeis reasonable attorney's fees and costs incurred by virtue of this action; and

6.      Grant such other, further, or different relief as this Court deems just and equitable.


## **JURY TRIAL DEMAND**

Plaintiff Dylan DeRubeis demands a trial by jury on all issues so triable.

Dated: July 30, 2025

Respectfully submitted,

**DYLAN DERUBEIS**

By his attorneys,

*s/ Sabrina M. Galli*
Sabrina M. Galli
ROBINSON & COLE LLP
666 Third Avenue
Chrysler East Building, 20th Floor
New York, NY 10017
Tel. No. (212) 451-2900
Email: sgalli@rc.com

Seth B. Orkand (*pro hac vice* forthcoming)
Theresa E. Lane (*pro hac vice* forthcoming)
ROBINSON & COLE LLP
One Boston Place, 26th Floor
Boston, MA 02108
Tel. No. (617) 557-5930
Email: sorkand@rc.com
Email: tlane@rc.com

## PLAINTIFF'S VERIFICATION OF COMPLAINT

I, Dylan DeRubeis, am the Plaintiff in the above-captioned matter. I have reviewed the foregoing allegations and declare under the penalty of perjury that the allegations are true and correct to the best of my knowledge and understanding.

Dated: July 30, 2025

Dylan DeRubeis

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

Pursuant to Local Civ. Rule 11.2, I hereby certify to the best of my knowledge, information and belief, that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,


s/ *Sabrina M. Galli*
Sabrina M. Galli
ROBINSON & COLE LLP
666 Third Avenue
Chrysler East Building, 20th Floor
New York, NY 10017
Tel. No. (212) 451-2900
Email: sgalli@rc.com

Seth B. Orkand (*pro hac vice* forthcoming)
Theresa E. Lane (*pro hac vice* forthcoming)
ROBINSON & COLE LLP
One Boston Place, 26th Floor
Boston, MA 02108
Tel. No. (617) 557-5930
Email: sorkand@rc.com
Email: tlane@rc.com

*Attorneys for Plaintiff Dylan DeRubeis*


Dated: July 30, 2025